UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANCER INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> MJ & SONS CONTRACTOR TRUCK, LLC, MATTHEW WISLOCKI, CASEY WISLOCKI, SHOFRE JARAMILLO, JS DUMP EXPRESS, INC., JOHN DOW INCORPORATED 1-5, JOHN DOE 1-5, <br><br> Defendants. | Civ. No. 15-cv-7371 (KM) (JBC) <br><br> OPINION |

<u>KEVIN MCNULTY, U.S.D.J.</u>:

This is an insurer's declaratory judgment action to determine coverage in connection with a car accident. Now before the Court is the unopposed motion (Dkt. No. 12) of the plaintiff, Lancer Insurance Co. ("Lancer"), for a default judgment against certain of the defendants: MJ & Sons Contractor Truck, LLC ("MJ"), Matthew Wislocki, and Casey Wislocki. For the reasons set forth below, I will enter default judgment against those defendants.

I.  **BACKGROUND**

On January 10, 2014, Shofre Jaramillo (a named defendant but not one against whom Lancer is seeking default judgment in this motion) was driving a salting truck in the right lane of northbound Interstate 287. He drove slowly, and his rear yellow flashers were on while he was actively salting the roadway. The truck Jaramillo was driving was a black 1996 Mack Dump Truck with New Jersey plates, bearing the vehicle identification number 1M1AA18Y1TW058749, registered to JS Dump Express, LLC ("JS Dump") (also a named defendant but not a subject of this default motion). Matthew Wislocki was driving his wife's Honda CRV at some distance behind Jaramillo. Wislocki

1

apparently failed to realize that the salt truck was moving slowly, and crashed his car into the back of the truck. Wislocki's car veered off the roadway, descended a hill and came to a stop on an embankment. Wislocki suffered serious injuries and was taken to the hospital.

On September 26, 2014, Matthew Wislocki and his spouse, Casey Wislocki, filed suit in the Superior Court of New Jersey against MJ, Jaramillo, JS Dump, and John Doe companies and individuals, alleging that their negligence had caused the accident. (Compl. ¶¶ 20–23; Wislocki, et al. v. Jaramillo, et al., Docket No. ESX-L-6835-14 (N.J. Sup. Ct. L. Div.) (the "Underlying Suit"). The complaint in that Underlying Suit alleges that the salt truck was owned by JS Dump, but operated under the authority of MJ. (*Id.* ¶ 22)

On January 19, 2015, MJ tendered a copy of the summons and complaint in the Underlying Suit to Lancer, seeking coverage under a motor carrier insurance policy as well as defense costs. (*Id.* ¶ 25; Ex. C) Lancer had issued a motor carrier insurance policy to MJ under the policy number MC600453#1 for the period November 26, 2013, through November 26, 2014 (the "Policy"). (*Id.* ¶ 8–9, Ex. A) By letter dated March 4, 2015, Lancer denied coverage under the Policy, stating that the Policy did not cover the 1996 Mack Dump Truck and that MJ had failed to timely notify Lancer of the accident. (Compl. ¶ 27; Ex. C) Lancer is, however, defending MJ in the Underlying Suit pursuant to a reservation of rights. (Compl. ¶ 29)

Lancer filed a complaint in this Court on October 8, 2015, seeking a declaratory judgment that no coverage existed under the Policy for the events sued upon in the Underlying Suit. (Compl., Dkt. entry No. 1) The Complaint invokes the diversity jurisdiction of this federal court. (Compl. ¶ 6) Jaramillo and JS Dump answered on November 17, 2015. (Dkt. No. 9)

MJ and the Wislockis were duly served, but did not answer the federal Complaint. On November 24, 2015, the clerk entered default against MJ and the Wislockis. (Docket entry following Dkt. No. 10) On December 3, 2015, Lancer filed this motion for a default judgment against MJ and the Wislockis.

(Dkt. No. 12) Specifically, Lancer seeks a default declaratory judgment that (1) MJ and the Wislockis are not entitled to coverage under the policy for claims arising out of the January 10, 2014 accident, and (2) that Lancer owes no duty to defend MJ in the Underlying Suit.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## II.   LEGAL STANDARDS & ANALYSIS

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

3

### I. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual, such as Matthew or Casey Wislocki, may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity, such as MJ, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law provides in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).[1]

Here, the prerequisites for default judgment have been met. The complaint was filed on October 8, 2015. (Dkt. No. 1) Personal service was effected on the Wislockis on October 19, 2015. (Affirmation of Gregory S. Pennington in Support of Motion for Entry of Default Judgment, dated December 2, 2015, Dkt. No. 12 ("Pennington Aff.") ¶¶ 6-7, Exs. A & B) MJ was served in person, *via* its Managing Agent, on October 28, 2015. (*Id.* ¶ 8, Ex. C) MJ and the Wislockis had twenty-one days from the date of service to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against the defendants on November 23, 2015. (Docket Entry following Dkt. No. 10) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18-19.

## II.   Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco*

---

[1] If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

*Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

My independent review of the record does not suggest that the claims asserted by Lancer against the defendants are legally flawed or that any of the defendants could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. (In this analysis of the default factors, by "defendants" I mean MJ and the Wilockis.) Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Lancer has successfully stated claims for relief as against MJ and the Wislockis.

The complaint asserts four causes of action. These all essentially come down to a contention that no coverage exists under the Policy for any claims or defense costs arising out of the January 10, 2014 accident, including those raised in the Underlying Suit.

Under New Jersey law, "the words of an insurance policy are to be given their plain, ordinary meaning." *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264 (N.J. 2001). Where no ambiguity exists, the court "should not write for the insured a better policy of insurance than the one purchased." *Id.* (citing *Gibson v. Callaghan*, 730 A.2d 1278, 1282 (N.J. 1999)). Here, the named insureds on the Policy are MJ and Walter & Mirian Miranda, MJ's managers. (Dkt. No. 1-1, Ex. A p. 3) The Policy issued by Lancer provides that an "insured" includes "you for any covered 'auto'." "You" refers to the named insureds on the policy: MJ and the Mirandas. (*Id.* p. 15) Under the schedule of "covered autos you own," five vehicles are listed. Each vehicle is identified by year, model, trade name, body type, and VIN (vehicle identification number). (*Id.* p. 4) None of those listed vehicles is, or matches the description of, the 1996 Mack Dump Truck. Indeed, the 1996 Mack Dump Truck was owned, not by MJ, but by JS Dump, and it was insured under a policy of insurance issued by American Millennium Insurance Company. (Dkt. No. 1-4, Ex. C p. 3) Thus,

under the plain terms of the Lancer Policy, the 1996 Mack Dump Truck involved in the January 10, 2014 accident is excluded from coverage.

Nothing in the documents before the Court suggests that MJ or the Wislockis possess a meritorious defense. With respect to the January 10, 2014 accident, Lancer is not obligated to provide coverage to MJ, to pay claims by the Wislockis, or to defend MJ against the Wislockis' claims.

### b. Factors 2 and 3

The second and third factors, too, weigh in favor of default. The Wislockis were properly served on October 19, 2015, and MJ was properly served on October 28, 2015, but all have failed to appear and defend themselves in any manner. It is clear that Lancer has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." See *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); see also *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

### III. CONCLUSION

For the foregoing reasons, the motion is granted and a default judgment will be entered against defendants MJ & Sons Contractor Truck, LLC, Casey Wislocki, and Matthew Wislocki, and in favor of the plaintiff, Lancer Insurance Co. The court will gran tthe following forms of declaratory relief requested in Lancer's Complaint:

1) that Defendants, MJ & SONS CONTRACTOR TRUCK, LLC, MATTHEW WISLOCKI, [and] CASEY WISLOCKI ... are not entitled to coverage under the Policy [No. MC600453#1] for any and all claims arising out of the January 10, 2014 accident, including but not limited to the claims advanced in the Underlying Suit,

2) that the coverage, if any, provided by Plaintiff, LANCER INSURANCE COMPANY, is limited by the terms of the policy.

An appropriate order and judgment will issue. Each party is to bear its own costs.[2]

Dated: January 6, 2015

KEVIN MCNULTY, U.S.D.J.

---

[2] The complaint contains a pro forma request for costs and attorneys' fees, but Lancer does not suggest any statutory or contractual basis for them, and its proposed Order, which I am entering, does not provide for such an award. At any rate, this action was brought by Lancers in federal court for its own tactical advantage. In such a case, I will not impose costs or fees on the defendants, who never sought or desired a federal forum, and never put forward any legal position, frivolous or otherwise.